No. 22,646.

ELBERT S. RULE, *Appellant*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

AUTOMOBILE—*Collision at Railroad Crossing—Contributory Negligence —Last Clear Chance*. The evidence considered, and *held*, the plaintiff, whose automobile was injured by collision with the defendant's trains at a street crossing while he was attempting to cross a series of tracks, some of which were filled with cars which obstructed his view, was guilty of contributory negligence, as a matter of law. *Held further*, the plaintiff was not entitled to the benefit of the doctrine of last clear chance.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed October 9, 1920. Affirmed.

*John W. Adams*, of Wichita, for the appellant.

*William R. Smith, Owen J. Wood, Alfred A. Scott*, all of Topeka, and *J. D. Houston*, of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for injuries to plaintiff's automobile, resulting from collision with trains of the defendant at a street crossing. A demurrer to the plaintiff's evidence was sustained, and he appeals.

The street extended from east to west, and crossed six parallel railroad tracks of standard gauge, six or eight feet apart, extending from north to south. Tracks one, two, and three, numbered from the east, were occupied by box cars, which encroached on the street so that the way left open was but ten to twenty feet wide. These cars completely obstructed vision of trains on tracks four and five north and south of the narrow way. The plaintiff, accompanied by three other men, drove his automobile up to track one, stopped, looked, and listened, and then proceeded over the crossing, attaining a speed of five or six miles per hour by the time track three was passed. There were no cars on track four, and as the angle of vision from behind the cars on track three widened, a train was discovered on track five backing toward

the crossing from the north. The plaintiff acted quickly, but was unsuccessful in shifting his gear, and was going so fast it was impossible to stop until his automobile was on track five. The occupants of the automobile jumped out, the train struck it, pushed it to the south some thirty feet, and then left it between tracks four and five. About two or three minutes later another train, backing toward the north on track four, struck the automobile and carried it some distance. There was no brakeman on the rear of either train, and no warning of the approach of either train was given.

When the plaintiff stopped to look and listen he was confronted by standing cars massed on the three tracks for long distances north and south of the street, and by a narrow way through which other tracks to be crossed were visible. Listening could give but doubtful information concerning the peril beyond the lines of cars, and looking, which was also essential, could give none at all. The lines of cars had been cut for the crossing, the cars were standing still, and there was no indication that they would be moved. So far as the plaintiff was apprised, whatever danger there might be in attempting to cross lay beyond. Under these conditions, it was important for the plaintiff to further inform himself at track three, and if he did not choose to stop there in order to use his eyes, he should have had his automobile under such control that he could stop quickly, if necessary, as soon as he could see. The rules of law governing the case have been stated so many times, it is not necessary to do so again. Applying the law to the facts, but one sound conclusion is possible, and that is, the plaintiff was guilty of negligence bordering closely on recklessness.

The plaintiff says that as soon as he jumped from the automobile and the south-bound car struck it, his negligence had spent its force. He could do nothing more to avert demolition of his automobile, while the employees of the defendant had time and opportunity to stop the north-bound car before the automobile was battered the second time.

The standing cars concealed the automobile from the south-bound train to the same extent that they concealed the train from the automobile, and a brakeman on the rear of the train could not have discovered approach of the automobile, at the

speed it was traveling, appreciably sooner than the plaintiff discovered the train. There was no evidence that the train could have been stopped after the automobile came in view, within the distance the train carried it. So far as the second train was concerned, the effect of the plaintiff's initial negligence continued until the automobile was finally deposited between tracks four and five south of the crossing. The plaintiff was responsible for its presence there. None of the trainmen knew what had occurred. The crew of the northbound train had no reason to anticipate that its progress would be impeded by a wrecked and abandoned automobile lying at the place of the collision, and the automobile was in the situation of a trespasser whose presence was not known at the time of the collision. Besides that, the plaintiff's evidence was that the tracks were straight toward the south for a long distance, and that there was nothing to obstruct view of the movement of trains after track three was passed; yet he made no effort to give warning to the north-bound train, approaching in plain sight, within the two or three minutes which elapsed before the second collision. Under these circumstances, the doctrine of last clear chance has no application.

The judgment of the district court is affirmed.