No. 23,243.

A. R. GREENE, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

RAILROAD CROSSING—*Automobile Standing Near Track—Hit by Train—No Negligence of Railroad Men Shown.* An automobile owner who negligently attempts to drive his car across a railroad track cannot recover from the railroad company for the injury done to the car where it is hit by a passing train, which leaves the car by the side of the track in such a position that in a few minutes it is struck by another train the engineer on which does not see it in time to stop his train before colliding with it.

Appeal from Finney district court; LITTLETON M. DAY, judge *pro tem.* Opinion filed June 11, 1921. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* all of Topeka, *William Osmond,* of Great Bend, and *W. E. Hutchison,* of Garden City, for the appellant.

*R. W. Hoskinson, Robert S. Field, Edgar Foster,* and *Horace J. Foster,* all of Garden City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered a judgment against the defendant for damages to an automobile caused by a collision with one of the trains of the defendant at a crossing of a public highway in Gray county. The defendant appeals.

The evidence of the plaintiff tended to prove that he was driving an automobile east on the Santa Fe trail along the north side of the right of way of the defendant; that there was an embankment which obscured the view of the railroad

to one traveling along the trail; that the top of the car and back curtain were up, but the side curtains were not on; that the plaintiff, about ten rods before he turned south to cross the railroad track, looked for trains but did not see any; that he did not look when he turned to cross the track; that on the east side of the road where the collision occurred there was a wing fence four or five feet high which closely approached the railroad track; that after he turned he saw a passenger train coming from the west, but he was then so close to the track that he could not stop in time to avoid a collision, and quickly veered to the right and ran off the road into a culvert; that his car was still so near to the track that it was struck by the east-bound train; that he looked to the east and saw another passenger train headed west waiting on a sidetrack at a station about two miles distant for the first train to pass; that the automobile was then about two feet from the rail, and he knew that it would be struck by the west-bound train; that he attempted to move the car away from the railroad track but was unable to do so; that he went to a house about half a mile away to get help to move his car, and that he obtained assistance, but before he returned the west-bound passenger train struck the automobile and did further damage to it. A demurrer to the plaintiff's evidence was overruled.

The defendant then introduced evidence which tended to show that the automobile was first seen by the engineer of the second train when it was seventy-five feet from the automobile; that it was then impossible to stop the train in time to avoid striking the automobile; that the train could not be stopped in less than fifteen hundred feet; and that the stepladder of the engine slightly struck the car.

Special questions were answered by the jury, some of which were as follows:

"Was there anything to prevent the engineer on No. 11 seeing plaintiff's automobile in time to have stopped train No. 11 and avoided injury by that train. No.

"Could the engineer on No. 11, with ordinary care, have discovered the automobile of plaintiff in time to have prevented the damage to said automobile? Yes.

"Was the engineer of defendant's train No. 11 guilty of negligence in failing to see the automobile of plaintiff in time to have avoided further injury thereto by said train? Yes.

"How far from the crossing was No. 11 when the engineer first discovered that the automobile was in danger? Seventy-five feet.

"After the engineer discovered that the automobile was so near to the track as to be in danger, what if anything should he have done which would have averted the danger? Nothing.

"If you find that the defendant was negligent, state fully in what such negligence consisted and who was guilty of it. Carelessness in not watching to see if the track was clear, by the engineer."

## The court instructed the jury in part as follows:

"The evidence in this case clearly indicates that plaintiff is not entitled to recover for any damage received by his automobile occasioned by a collision with east-bound train, for the reason that he failed to stop, look and listen for the approaching train before attempting to cross the railroad track; and you will not be required to consider any injuries received from the collision with the east-bound train, or consider the conduct of the defendant and its employees in running and operating that train. . . .

"I instruct you that if you find from the evidence that after the automobile had been struck by train No. 2, the passenger train east-bound, that it was so injured that plaintiff could not remove it from the place of danger, then plaintiff's negligence prior to his collision with train No. 2 would not bar a right of recovery against the defendant."

## The defendant requested the following instruction, which was not given:

"In this case the plaintiff was responsible for his car being in the situation it was at the time it was struck by No. 11; the engineer was not obliged by the law to keep a lookout for an automobile stopped near the track, nor was he obliged to attempt to bring the train to a stop until he realized the automobile was in danger on account of its proximity to the track. If he did not discover the danger until it was too late to avert it, the defendant would not be liable in this case."

The plaintiff invokes the rule of the "last clear chance." The automobile was standing in such a situation as rendered it impossible for the enginemen to determine from a distance that the train would strike it, even if they had seen it. They were not required to anticipate that an automobile might be standing beside the track near enough to be hit by a passing train, nor to keep a lookout for an automobile in such a situation. The liability of the railroad did not attach until after its employee had actually seen the automobile and realized that the train would hit it. This rule is supported by *Railway Co. v. Prewitt*, 59 Kan. 734, 54 Pac. 1067, *Dunlap v. Railway Co.*, 87 Kan. 197, 123 Pac. 754, and *Morris v. Railway Co.*, 103 Kan. 220, 173 Pac. 346. In the last case this language was used:

Greene v. Railway Co.

"The rate of speed through such a country could hardly be regarded as excessive towards any one, but if it had been so as to persons rightfully on the track, it could not be a violation of duty to a trespasser whose presence was not within reasonable anticipation. Neither was the failure of the trainmen to keep a lookout along the track all of the time, or a failure to have discovered the child at the earliest possible moment, a violation of their duty to him. (*Nolan v. N. York, N. Haven & Hartford R. R. Co.*, 53 Conn. 461; Note, 32 L. R. A., n. s., 564.)  The men in charge of the train are not required to guard against a danger which is not to be anticipated, and under the circumstances of this case they owed the injured child no duty until they saw him on the track and in a place of danger.  All the facts show, and the finding of the jury is, that the engineer shut off the steam, applied the emergency brakes, and did all in his power to save the little one as soon as he was discovered on the track.  Liability of the defendants for such an injury can only result from a violation of their duty to the injured child, and since it has been established that no duty to it was violated no recovery can be had against the defendants for the lamentable accident."  (p. 225.)

The defendant relies on *McBeth v. Railway Co.*, 95 Kan. 364, 148 Pac. 621, and *Rule v. Railway Co.,* 107 Kan. 479, 192 Pac. 729.  In the former case, the court said:

"Where through some unknown cause an automobile engine stopped on a railway crossing in the open country and a heavy passenger train was speeding towards the crossing at fifty-five miles an hour from a point in plain view half a mile away, and the occupants of the car stepped out and began to apply themselves in seeking to crank the car and to push it from the track, and where the engineer of the train applied the emergency brakes as soon as he had a chance to discover that the car was stalled on the track, but the train was not stopped in time to prevent a collision, the railway company can not be held to have been negligent nor liable in damages for the value of the car."  (Syl. ¶ 2.)

"The engineer has other duties besides observing the track, and the duty of observing the track may be assigned to the fireman.  In this case the engineer says he might have had his attention drawn away from the track at the moment the automobile stopped on the track, but the fireman saw it.  The enginemen would not be expected to assume, at the very first instant of observation, that the automobile would stop on the track or that something was the matter with it so that it could not be cranked and driven or pushed off the track."  (p. 370.)

The plaintiff criticizes *McBeth v. Railway Company* and contends that it is out of harmony with other decisions of this court rendered both before and after that case was decided. The court is not disposed either to criticize that decision or to abandon the rule there followed.  Under the rules declared in

22—109 KAN.

*Dunlap v. Railway Company,* and in *McBeth v. Railway Company,* the instruction requested by the defendant should have been given, and it was reversible error to refuse to give it; the one given by the court did not correctly state the law.

In *Rule v. Railway Company,* supra, the court held that one who had negligently driven his car into a switch yard and onto a railroad track, where it was struck by a train being switched in one direction, and was left near another track and was soon thereafter struck by another train being switched in the opposite direction, was not entitled to the benefit of the last-clear-chance rule. The plaintiff contends that the Rule case may be distinguished from the present one in this, that in the present case the engineer was where he could see the automobile in time to have stopped his train, while in the Rule case there was no one on either train that struck the automobile who could have seen it; both trains there backed against the automobile and there was no one at the rear of either train to look out for obstructions or to give warning. The present case comes within the principle followed in the Rule case for the following reason; there, no one saw the car; here, no one saw the car until it was too late to prevent injury.

The judgment is reversed, and because of the finding of the jury that the train was only seventy-five feet from the crossing when the engineer first saw the car, the trial court is directed to render judgment for the defendant.